UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 08-288-HRW

WALLACE JACKSON,                                              PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on May 11, 2006, alleging disability beginning in September 2003, due to nervousness / panic attacks, an inability to be

around people and left ankle pain when standing or walking for any period of time (Tr. 99-106)[1].  This application was denied initially and on reconsideration.

On September 20, 2007, an administrative hearing was conducted by Administrative Law Judge Frank Letchworth (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.  At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

---

[1] At the hearing, Plaintiff amended his alleged onset date to May 1, 2006.

>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 8, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 6-16). Plaintiff was 55 years old at the time of the hearing decision. He has an 8th grade education. His past relevant work experience consists of work as a groundskeeper, housekeeper and garbage collector.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 8).

The ALJ then determined, at Step 2, that Plaintiff suffered from anxiety disorder, dysthymia and a history of right ankle fracture and low back strain, which he found to be "severe" within the meaning of the Regulations (Tr. 8-10).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 10-12).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 14-15) but determined that he has the residual functional capacity ("RFC") to perform to perform a full range of work at all exertional levels with the following nonexertional limitations:

>[H]e is limited to the performance of work that requires

>     no contact with the general public; no production rate or
>     quota work and no more than occasional interaction with
>     coworkers or supervisors.

(Tr. 12).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 15). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 4, 2008 (Tr. 1-2).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

      On appeal, Plaintiff contends that he has more mental limitations than those included in the RFC, as formulated by the ALJ. Specifically, Plaintiff maintains that the ALJ should have incorporated a moderate ability to tolerate stress and the pressures of day-to-day employment in his RFC.

      The ALJ concluded that Plaintiff's anxiety disorder, while severe, was not limiting to a disabling degree. In doing so, the ALJ relied upon the findings of Dr. Jeanne Bennet, a consultative examining physician, who found Plaintiff o be moderately limited in his ability to withstand workplace stress, slightly limited in his ability to sustain attention and concentration toward the performance of simple

instructions and not limited in his ability to perform simple instructions or respond appropriately to supervisors, coworkers and work pressures (Tr. 196-202).

The Court finds no error in the ALJ's reliance on the opinion of Dr. Bennet or his formulation of the RFC. The record contains no credible evidence which would call into question Dr. Bennett's assessment or support limitations beyond those expressed in the RFC. Further, the restriction on work requiring rates or quota work adequately addresses Plaintiff's moderate limitation to tolerate stress.

Plaintiff also claims that the mental limitations set forth by his treating physician should have been adopted by the ALJ.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

On October 9, 2007, Plaintiff's treating physician Dr. Charles Moore completed a Medical Assessment of Ability to do Work-Related Activities

(Mental), in which he suggested extreme limitation in mental functioning (Tr. 250-251). The ALJ rejected Dr. Moore's assessment, stating that first, Dr. Moore is not a qualified mental health professional (Tr. 14). In addition, the ALJ noted that Dr. Moore's treatment notes are devoid of any specific findings relating to anxiety (Tr. 14). Finally, the ALJ pointed out that contrary to his self-reported disabling mental condition, Plaintiff has not pursued psychological treatment, emergent or otherwise (Tr. 14).

The Court finds no error in the ALJ's consideration and ultimate rejection of the opinion of Dr. Moore as it pertains to Plaintiff's psychological functioning. His opinion is not supported by test results or even his own notes of treatment. In addition, it is contradicted by other credible evidence of record, to-wit, the assessment of Dr. Bennet, discussed *supra*.

Given the lack of supporting clinical and laboratory diagnostic data or corroborating evidence in the record, the opinion of Dr. Moore is not entitled to deference.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for

Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 13, 2009.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge